FILED

8:23 am, 11/24/21

**Margaret Botkins
Clerk of Court**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

---

UNITED STATES OF AMERICA,

Plaintiff,

VS.

JIOVONNE DOMONIC AYALA,

Defendant,

Case No. 21-CR-00008-J

---

ORDER GRANTING DEFENDANT'S MOTION FOR CONTINUANCE

---

THIS MATTER has come before the court for hearing on the Defendant's Unopposed Motion for Severance and Continuance of Jury Trial. At the previously scheduled hearing of the motion the court did not consider the motion for severance because it is likely the co-defendant's case will be resolved by plea; however, in the event the plea does not materialize, the court will re-schedule the severance motion for hearing. Counsel for Mr. Ayala asserts that the granting of the Motion to Continue will best serve the interests of justice and outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. §3161(h)(7)(A).

Counsel asserts although discovery in her client's case has been available since September 26, 2021 the amount of discovery to be reviewed is great, involving lengthy wiretap evidence. Counsel was appointed on September 7, 2021. For reasons related to

the COVID-19 pandemic efforts to provide discovery to Mr. Ayala have been frustrated, and counsel has been denied in person access to her client to confer.

Counsel for the Government informed the court they were assigned to prosecute this case on short notice this week. They need time to familiarize themselves with the case and commence preparation of the prosecution. Government counsel assert they need a reasonable period to prepare, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

## DISCUSSION

The Speedy Trial Act requires that a defendant's jury trial be commenced within 70 days "from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending whichever date last occurs." 18 U.S.C. §3161©(1). The Act then defines specific periods of excludable delay that toll the 70-day speedy trial clock. *Id.* § 3161(h).

As relevant here, the Act excludes delay "on the basis of [judicial] findings that the ends of justice served by taking such action outweigh the best interest of the public and the Defendant in a speedy trial." *Id.* at § 3161(h)(7)(A). To be effective, an ends-of-justice continuance must be supported by adequate findings made on the record, either orally or in writing, at the time the continuance is granted. *Id.* When considering whether an ends-of-justice continuance is appropriate, a court must consider (among other factors) whether the case is so complex that it is unreasonable to expect adequate preparation within the time limits otherwise established by the

Act. Id. § 3161(h)(7)(B)(ii). A case may be complex under the Speedy Trial Act if the evidence is extensive and complicated, or if it would take additional time to sufficiently analyze and organize the evidence for trial. *United States v. Gordon*, 710 F.3d 1124, 1158 (10th Cir. 2013).

The grand jury charged the Defendant in connection with a long-term methamphetamine distribution operation involving various locations and numerous individuals. Additionally, it charged Mr. Ayala with Possession of a Firearm in Furtherance of a Drug Trafficking Crime and Possession of Methamphetamine with Intent to Distribute. The investigation spanned more than a year and generated relatively voluminous evidence. Multiple search warrants were obtained and served on various companies, including cell phone, email, and social media providers. Responsive materials from the search warrants and location data obtained as a result of those search warrants, along with the law enforcement investigative materials and wiretap documentation comprise over 27,000 files containing approximately 8 gigabytes of information.

Due to the voluminous discovery, defense counsel's inability due to COVID-19 outbreaks at the detention facility that prevented contact with her client and to afford Mr. Ayala time to acquaint himself with the discovery, and as well the necessity for new government counsel to prepare the case for trial, I find that it is unreasonable to expect adequate preparation within the time limits otherwise established by the Speedy Trial Act; and I find the resulting delay is excludable under the Act. These considerations outweigh the interests of justice and the best interests of the public and the Defendant in a speedy trial.

**IT IS ORDERED** that the Defendant's Motion to Continue the jury trial should be and is **GRANTED;** and

**IT IS FURTHER ORDERED** that the jury trial in this matter shall begin on January 18, 2022, at 1:30 P.M., and is expected to last 4-5 days.

Dated this 23rd day of November, 2021.

                                                      */s/ Alan B. Johnson*
                                                     Alan B. Johnson
                                                     United States District Judge