**FILED**



**3:28 pm, 12/14/21**

**Margaret Botkins**
**Clerk of Court**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Criminal No. 21-CR-8-ABJ-6 |
| JIOVONNE DOMONIC AYALA, | |
| Defendant. | |

---

## ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO CONTINUE JURY TRIAL

---

THIS MATTER having come before the Court on Defendant's Unopposed Motion to Continue Jury Trial and the Court being fully advised in the premises hereby FINDS:

Defendant's motion is GRANTED.

The Speedy Trial Act generally requires trial to begin within 70 days of the filing of the indictment or the Defendants' initial appearance, whichever is later. 18 U.S.C. § 3161(c)(1). Further, if a defendant is detained pretrial, it requires trial to begin within 90 days of his detention. 18 U.S.C. § 3164(b). However, periods of time specified in 18 U.S.C. § 3161(h) are "excluded in computing the time within which an information . . . must be filed, or in computing the time within which the trial of any such offense must commence" for both the seventy-day and ninety-day trial deadlines. 18 U.S.C. §§ 3161(h), 3164(b).

A district court may exclude from the speedy trial calculation "[a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the

request of the defendant or his counsel, or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Section 3161(h)(7)(B) sets forth a non-exclusive list of factors a court must consider in determining whether to grant an ends-of-justice continuance. *See Zedner v. United States*, 547 U.S. 489, 498-99 & n.3 (2006). Among those factors are whether denying a continuance would result in a miscarriage of justice or deny counsel for the defendant or the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B).

The Tenth Circuit has summarized the procedural requirements for an ends-of-justice continuance as follows:

> Before granting an ends-of-justice continuance, the district court must consider several factors. *See* 18 U.S.C. § 3161(h)(7)(B) (listing factors). Further, the court must make express findings on the record stating its reasons for granting a continuance. But while the record must clearly establish the district court considered the proper factors at the time it granted the continuance, the district court need not articulate facts which are obvious and set forth in the motion for the continuance itself.

*United States v. Zar*, 790 F.3d 1036, 1044 (10th Cir. 2015) (citations and quotation marks omitted). *See also, e.g., United States v. Loughrin*, 710 F.3d 1111, 1119 (10th Cir. 2013).

Here, Defendant is requesting the continuance so that he may not only effectively prepare and participate in effective preparation for trial with his counsel, but also so that he can make an informed decision on any plea agreement. This case

has a massive amount of discovery as previously made part of the record. Mr. Ayala and his counsel have requested time to complete reviewing all discovery and despite due diligence have not been able to complete that task.

It is appropriate and Defendant's right to review all discovery and make an informed decision on making any plea and to prepare for his trial. Given the issues with technology that have delayed review of discovery for the Defendant, the time constraints for both parties due to the holiday season, and the time constraints on the Government due to the case being reassigned the Court hereby

FINDS that a continuance of the January 18, 2022, trial date is in the interest of justice and that the factors of U.S.C. § 3161(h)(7)(B) have been met.

The trial is therefore VACATED and reset to March 14, 2022 at 1:30 p.m.

This delay will be excluded from Defendant's Speedy Trial calculation having good cause to agree that the ends of justice are served by taking such action and that the ends of justice outweigh the best interest of the public and the defendant in a speedy trial under 18 U.S.C. § 3161(h)(7)(A), noting that this request was made by the Defendant.

DATED this ___14th___ day of ___December___, 2021.

Alan B. Johnson
United States District Judge